Cecil D. ANDRUS, Secretary of the Interior, Appellee,

v.

P-BURG COAL CO., INC., Appellant.

No. 80–1916.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 1981.

Decided April 1, 1981.

As Corrected April 2, 1981.

Rehearing and Rehearing In Banc Denied May 6, 1981.

Harold E. Hutson, Indianapolis, Ind., for appellant.

Virginia Dill McCarty, Indianapolis, Ind., Michael A. McCord, Dept. of Justice, Washington, D. C., for appellee.

Before CUMMINGS, Circuit Judge, MARKEY, Judge of the U.S. Court of Customs and Patent Appeals,* and CUDAHY, Circuit Judge.

PER CURIAM.

P-Burg Coal Company, Inc. (P-Burg) conducts a surface mining operation in Clay County, Indiana. On August 16, 1979, two authorized representatives of the Department of Interior appeared at P-Burg's mine site to conduct an investigation pursuant to Section 502(e) of the Surface Mining and Reclamation Act of 1977.[1] They presented

---

* The Honorable Howard T. Markey, Chief Judge of the U.S. Court of Customs and Patent Appeals, is sitting by designation.

1. Section 502(e) (30 U.S.C. § 1252(e)) provides in pertinent part:

"(e) Within six months after August 3, 1977, the Secretary shall implement a Federal enforcement program which shall remain in effect in each State as surface coal mining operations are required to comply with the provisions of this chapter, until the State program has been approved pursuant to this chapter or until a Federal program has been implemented pursuant to this chapter. The enforcement program shall—

"(1) include inspections of surface coal mine sites which may be made (but at least

one inspection for every site every six months), without advance notice to the mine operator and for the purpose of ascertaining compliance with the standards of subsections (b) and (c) above. The Secretary shall order any necessary enforcement action to be implemented pursuant to the Federal enforcement provision of this subchapter to correct violations identified at the inspections; * *."

The enforcement provision referred to in Section 502(e) is Section 517(b) (30 U.S.C. § 1267(b)), which provides in pertinent part:

"(b) For the purpose of developing or assisting in the development, administration, and enforcement of any approved State or Federal program under this chapter or in the administration and enforcement of any per-

their credentials to an officer of P-Burg and informed him of the purpose of their visit. The officer refused to admit the Department officials because they had no search warrant, and the officials left without making an inspection. The Secretary then brought the present action pursuant to Section 521(c) of the Act[2] for preliminary and permanent injunctive relief to enjoin P-Burg, its officers and its agents from denying the Department access to its operation. The district court, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, consolidated the trial on the merits with the application for a preliminary injunction and on June 5, 1980, granted the requested relief. 495 F.Supp. 82. P-Burg appeals, contending that the district court erred in holding that (1) the Department was not constitutionally required to obtain a search warrant before conducting an investigation pursuant to the Act and (2) Congress is empowered under the Commerce Clause of the Constitution to regulate mining operations, such as P-Burg's, which produce coal solely for intrastate sale and consumption.[3]

 We are wholly in accord with the reasoning and conclusions set forth in Judge Dillin's memorandum of decision, which we adopt as our own. For the reasons stated therein (495 F.Supp. at 83–88) the judgment is affirmed.

---

mit under this chapter, or of determining whether any person is in violation of any requirement of any such State or Federal program or any other requirement of this chapter—

\* \* \* \* \* \*

"(3) the authorized representatives of the regulatory authority, without advance notice and upon presentation of appropriate credentials (A) shall have the right of entry to, upon, or through any surface coal mining and reclamation operations of any premises in which any records required to be maintained under paragraph (1) of this subsection are located; and (B) may at reasonable times, and without delay, have access to and copy any records, inspect any monitoring equipment or method of operation required under this chapter."

2. Section 521(c) (30 U.S.C. § 1271(c)) provides in pertinent part:

"(c) The Secretary may request the Attorney General to institute a civil action for relief, including a permanent or temporary injunction, restraining order, or any other appropriate order in the district court of the United States for the district in which the surface coal mining and reclamation operation is located or in which the permittee thereof has his principal office, whenever such permittee or his agent (A) violates or fails or refuses to comply with any order or decision issued by the Secretary under this chapter, or (B) interferes with, hinders, or delays the Secretary or his authorized representatives in carrying out the provisions of this chapter, or (C) refuses to admit such authorized representative to the mine, or (D) refuses to permit inspection of the mine by such authorized representative, or (E) refuses to furnish any information or report requested by the Secretary in furtherance of the provisions of this chapter, or (F) refuses to permit access to, and copying of, such records as the Secretary determines necessary in carrying out the provisions of this chapter."

3. P-Burg strip-mines four to five acres a year, producing 15,000 to 20,000 tons of coal per year. The coal is sold to the Crawfordsville Electric Light and Power Co., which generates electricity for the city of Crawfordsville, Indiana.